JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10879-RGK-KS | Date | January 25, 2021 |
|---|---|---|---|
| Title | *Gregory Torres et al v. Honeywell, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand and for Attorneys' Fees [DE 23]; Avco Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [DE 14]

## I.    INTRODUCTION

On May 17, 2015, a Commander 114B aircraft crashed in Laughlin, Nevada, claiming the lives of three passengers and severely injuring the pilot. On May 12, 2017, Gregory Torres, the pilot, individually and as executor of the estate of Diana Marie Soto; Melinda C. Green, individually and as executrix of the estate of Evelyn C. Walker; and Samantha Walker Perry, individually and as personal representative of the estate of James Dale Walker, (collectively, "Plaintiffs") filed a Complaint in state court against fourteen Defendants: Honeywell, Inc., Honeywell International, Inc., Honeywell Aerospace, Garrett by Honeywell, Honeywell Turbo Technologies, Honeywell Engines and Systems, Inc., Honeywell Engine Control Systems (collectively, "Honeywell Defendants");[1] Approved Turbo Components, Inc. ("Approved Turbo"); Turbo 2000 Corporation; Fine Line Designs; Camarillo Aircraft Service; Fly in Vacations; Avco Corporation ("Avco");[2] and Lycoming Engines (collectively, "Defendants"). Plaintiffs allege (1) strict liability; (2) negligence; (3) breach of express and implied warranties; (4) fraud; (5) negligent misrepresentation; (6) negligent infliction of emotional distress; (7) recklessness, outrageousness, willful and wanton misconduct; and (8) survival action.

On August 12, 2019, Avco removed this case for the first time on the basis that Approved Turbo, a non-diverse defendant, was fraudulently joined. On October 4, 2019, this Court granted Plaintiffs' first

---

[1] On January 12, 2021, Plaintiffs dismissed with prejudice the Honeywell Defendants.
[2] Plaintiffs refer to Avco and Lycoming Engines as separate entities. However, Lycoming Engines is an operating division of Avco, not a separate corporate entity. (*See* Notice of Removal 2:15–19, ECF No. 1.) Accordingly, the Court will refer to Avco only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10879-RGK-KS | Date | January 25, 2021 |
|---|---|---|---|
| Title | *Gregory Torres et al v. Honeywell, Inc. et al* | | |

motion to remand. Plaintiffs later dismissed Approved Turbo, and on November 30, 2020, Avco removed the case again, on the basis of diversity jurisdiction under 28 U.S.C § 1332.

Presently before the Court is Plaintiffs' Motion to Remand and for Attorneys' Fees and Avco's Motion to Dismiss for Lack of Personal Jurisdiction. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' request for attorneys' fees and costs. Given the Court's remand order, the Court finds that Avco's challenge to personal jurisdiction is moot and **DENIES without prejudice** Avco's Motion to Dismiss for Lack of Personal Jurisdiction.

II.     **FACTUAL BACKGROUND**

In their Complaint Plaintiffs allege as follows:

On May 17, 2015, a Commander 114B aircraft ("Aircraft") crashed in Laughlin, Nevada. The Aircraft had four people aboard—Plaintiff Gregory Torres, the pilot, and three passengers, James Dale Walker, Evelyn C. Walker, and Diana Marie Soto. As a result of the crash, the Aircraft ignited and burned the occupants as they attempted to exit. James Dale Walker was consumed by fire as he was exiting the Aircraft. Plaintiff Gregory Torres and the remaining two passengers survived the crash but sustained severe burns and injuries. Evelyn C. Walker and Diana Marie Soto later died as a result of these injuries. An investigation revealed that the crash was caused by a malfunction in the Aircraft's turbocharger.

On May 12, 2017, Plaintiffs filed two state actions arising out of this accident—one in Arizona and one in California. Plaintiffs served Avco in the California action on July 26, 2019. On August 12, 2019, Avco removed the case to federal court on the basis that Approved Turbo, the only non-diverse defendant, was a sham defendant. Plaintiffs moved to remand, and this Court granted the motion on October 4, 2019.

The Arizona action proceeded in state court. Plaintiffs sought discovery from Approved Turbo in the Arizona case, and secured a declaration from its representative in support of Plaintiffs' opposition to motion for summary judgment. Plaintiffs did not seek any formal discovery from Approved Turbo in the California action. Approved Turbo never responded to Plaintiffs' complaints in either state case, and Plaintiffs never sought a default judgment against it. Plaintiffs settled with Approved Turbo and on November 9, 2020, dismissed it from the California action. With the only non-diverse defendant dismissed from the action, Avco once again removed the case on November 30, 2020.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10879-RGK-KS | Date | January 25, 2021 |
|---|---|---|---|
| Title | *Gregory Torres et al v. Honeywell, Inc. et al* | | |

### III. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006).

However, a case may not be removed under diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Absent bad faith, the Court must remand the case if removal was untimely. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

### IV. DISCUSSION

The parties agree that the removal in this instance is presumptively untimely as the action was removed more than one year after it commenced.[3] As such, unless Avco can establish that Plaintiffs acted in bad faith to prevent earlier removal, Avco's untimely removal is improper. As discussed below, the Court finds that Plaintiffs' conduct does not rise to the level of bad faith and grants Plaintiffs' Motion.

#### A. Bad Faith

Although the Ninth Circuit has yet to address the applicable standard for bad faith under § 1446(c)(1), district courts in this jurisdiction have found that the bad faith requirement "sets a high threshold." *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014). Such a standard is consistent with the Ninth Circuit authority establishing a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (holding that remand is proper "if there is any doubt as to the right of removal in the first instance").

---

[3] State law determines when an action "commences" for purposes of the one-year time limit for diversity-based removal. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005). Under California law, an action commences when the initial complaint is filed. Cal. Civ. Proc. Code § 350. Accordingly, the California action commenced on May 12, 2017.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-10879-RGK-KS | Date | January 25, 2021 |
|---|---|---|---|
| Title | *Gregory Torres et al v. Honeywell, Inc. et al* | | |

In determining bad faith, courts have generally inquired whether the plaintiff engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired. As a part of that inquiry, courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in "any capacity" against a non-diverse defendant before dismissal. *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014).

Here, no facts suggest that Plaintiffs engaged in strategic gamesmanship. First, Plaintiffs named Approved Turbo as a defendant in its initial Complaint on May 12, 2017 and dismissed it on November 9, 2020—more than three years after the commencement of the action and more than two years after the one-year deadline for removal had already passed. Plaintiffs gained no jurisdictional benefit by waiting two additional years before dismissing Approved Turbo. Further, Plaintiffs' explanation for Approved Turbo's dismissal is reasonable—after Plaintiffs learned more information about Approved Turbo's involvement in the accident and secured a declaration from its representative in support of Plaintiffs' opposition to the summary judgment motion in the Arizona case, Plaintiffs settled with Approved Turbo and dismissed it from the California action.

Additionally, facts suggest that Plaintiffs litigated the case against Approved Turbo before dismissing it. Although Plaintiffs did not seek default judgment against Approved Turbo or take any formal discovery from it in the California case, facts suggest that the parties cooperated and negotiated to streamline the case in both states. *See Aguayo*, 59 F. Supp. 3d at 1264–65 (court defining "active litigation" broadly, such as when a plaintiff asserts valid claims, negotiates a settlement, takes discovery, etc.). Further, Avco presented no evidence to suggest that Plaintiffs sought discovery only from other defendants in the California action and deliberately excluded Approved Turbo. Therefore, the Court finds that Plaintiffs did not engage in strategic gamesmanship. Accordingly, Plaintiffs' conduct does not rise to the level of bad faith.

Because Avco cannot establish that Plaintiffs acted in bad faith to prevent earlier removal, Avco's untimely removal was improper. Therefore, the Court remands this case to the state court.

**B.      Attorneys' Fees and Costs**

Plaintiffs also request the Court to award attorneys' fees and costs incurred in filing Plaintiffs' Motion. For the following reasons, the Court denies Plaintiffs' request.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10879-RGK-KS | Date | January 25, 2021 |
|---|---|---|---|
| Title | *Gregory Torres et al v. Honeywell, Inc. et al* | | |

Absent unusual circumstances, a court may award costs and attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, where an objectively reasonable basis for removal existed, attorneys' fees may not be granted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (removal will not be deemed objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

Plaintiffs do not contend that unusual circumstances existed. Therefore, the Court may award Plaintiffs attorneys' fees and costs only if Avco lacked an objectively reasonable basis for seeking removal. Avco points to Plaintiffs' conduct, such as failure to seek default judgment against Approved Turbo and failure to conduct any formal discovery with it in the California action, that might be indicative of Plaintiffs' strategic gamesmanship to prevent timely removal. Although the Court disagrees with Avco's assessment, Avco appears to have had at least some reasonable basis for its position. Therefore, the Court finds that it is inappropriate to award the attorneys' fees and costs requested by Plaintiffs.

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion and remands this case to the state court. The Court **DENIES** Plaintiffs' request for attorneys' fees and costs. Given the Court's remand order, the Court **DENIES as moot** Avco's Motion to Dismiss for Lack of Personal Jurisdiction.

**IT IS SO ORDERED.**

_____        :  _____

Initials of Preparer    _____